<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **NEW JERSEY PRIMARY CARE ASSOCIATION, INC.,** | **Civil Action No. 12-413 (MAS)** |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM OPINION** |
| **STATE OF NEW JERSEY DEPARTMENT OF HUMAN SERVICES, et al.,** | |
| **Defendants.** | |

<u>**BONGIOVANNI, United States Magistrate Judge**</u>

This matter comes before the Court upon Motion by Plaintiff New Jersey Primary Care Association (the "NJPCA" or "Plaintiff") for Attorney's Fees and Expenses. [Docket Entry No. 57]. Defendant State of New Jersey Department of Human Services, et al. ("Defendants") oppose the Motion. [Docket Entry No. 73]. The Court has fully reviewed and considered all of the papers submitted in support of and in opposition to Plaintiff's Motion, and has considered same without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's Motion for Attorney's Fees and Expenses shall be GRANTED IN PART.

## I.  BACKGROUND

On January 24, 2012, the NJPCA filed the underlying Complaint in this action, alleging violations of the United States Constitution and of the federal Medicaid statute under 42 U.S.C. §1396a(bb)(5)(B). (*See* Compl. ¶¶62-69; Docket Entry No. 1). On April 9, 2012, Plaintiff filed a Motion for a Preliminary Injunction. [Docket Entry No. 12]. On May 7, 2012, Defendants

filed both an opposition to Plaintiff's preliminary injunction motion as well as a Motion for Summary Judgment [Docket Entry Nos. 18, 19]. Plaintiff cross-moved for summary judgment [Docket Entry No. 22]. The District Court heard oral argument on the preliminary injunction motion on May 17, 2012. Additional argument on that motion as well as on the pending motion and cross-motion for summary judgment was held on June 1, 2012. On July 5, 2012, the District Court issued an opinion granting Plaintiff's Motion for a Preliminary Injunction as well as its Cross-Motion for Summary Judgment, and denying Defendants' Motion for Summary Judgment [Docket Entry Nos. 39, 40]. Defendants subsequently appealed the District Court's decision; that appeal is still pending before the Third Circuit [Docket Entry No. 47]. In the interim, Plaintiff was granted leave by the District Court to bring the instant motion pursuant to 42 U.S.C. §1988 for attorney's fees and expenses [Docket Entry No. 54].

## II.  ARGUMENTS

### a.  Plaintiff's Argument

Plaintiff seeks attorney's fees and costs in this matter pursuant to The Civil Rights Attorney's Fees Awards Act of 1976, found at 42 U.S.C. §1988. (*Plaintiff's Brief in Support* at 4; Docket Entry No. 57-1). Plaintiff maintains that it is the prevailing party in the litigation, and further, that the litigation acted as a catalyst for the defendant to take action. (*Id.*) *See Waterman v. Farmer,* 84 F.Supp.2d 579 (D.N.J. March 1, 2000). Both are required to make a successful claim under §1988. Plaintiff additionally submits that, in determining what attorney's fees are warranted in such a case, the Court should use the "lodestar method" which "multipl[ies] the number of hours reasonably expended on the litigation times a reasonable hourly rate." (*Id.* at 7, quoting *Blum v. Stenson,* 465 U.S. 886 (1984)).

The fees and costs sought by Plaintiff amount to $256,436.30[1] for 954 hours of work, $243,897.59 of which is attorney's fees and $12,538.71 of which represents expenses. (*Id.* at 8). This total cost is comprised of services rendered by local counsel, Julie A. Williamson, Esq., as well as the law firm of Feldesman Tucker Leifer Fidell ("FTLF").   Over the time period of February 16, 2012 to October 18, 2012, Ms. Williamson billed $6,057.50 in attorney fees for 21.7 hours of work at her hourly rate of $275.00[2], and $469.46 in expenses for postage, filing, FedEx charges, Turbo Legal Support Servies and Pacer Court Filing fees. (*See* Cert. of Julie A. Williamson, Esq. at 5; Docket Entry No. 57-2).   Therefore, the bulk of the fees sought by Plaintiff's counsel stems from the work performed by FTLF.

Over the time period of September 28, 2011 to July 25, 2012, FTLF billed 933.05 hours (at various rates) and accrued $12,069.25 in expenses. (*Plaintiff's Brief in Support* at 8).   The work performed by the firm of FTLF was shouldered by four individuals – two partners, an associate and a paralegal.   The partners, Kathy S. Ghiladi, Esq. and Edward T. Waters, Esq., both billed at a rate of $350.00/hour, while the associate, Rupinderjit Grewal, Esq., billed at $225.00/hour, and the paralegal, Taneisha Phillips, billed at $90.00/hour.

Plaintiff argues that the "amount of time was reasonable given the complex legal and factual issues, the need to work with multiple health centers…[the] briefing [that] occurred with respect to both a request for preliminary injunction and to cross-motions for summary judgment, travel for oral argument and settlement meetings, and the defense that was presented by Defendant's counsel." (*Id.* at 8).   Plaintiff argues that its attorneys exhibit an exceptionally high

---

[1] This total does not reflect a $10,000 discount given to Plaintiff by FTLF "due to its long-standing status as a client." (*See Plaintiff's Brief in Support* at 8.)
[2] There is an additional one (1) hour of work billed at the paralegal rate of $90.00 per hour.

level of expertise in this area of litigation, and that the proposed rates for them are reasonable. (*Id.* at 9). Lastly, citing to *Blanchard v. Bergeron,* 489 U.S. 87, 92, n.5 (1989), Plaintiff submits that this case presented "'rare' and 'exceptional' circumstances warranting an enhancement by this Court[.]" (*Id.*) In *Blanchard,* the Court outlined twelve factors to be used in determining whether fees are reasonable and whether an enhancement is merited. Those factors include:

(1)    the time and labor required;
(2)    the novelty and difficulty of the questions;
(3)    the skill requisite to perform the legal services properly;
(4)    preclusion of other employment by the attorney due to acceptance of the case;
(5)    the customary fee in the community;
(6)    whether the fee is fixed or contingent;
(7)    time limitations imposed by the client or the circumstances;
(8)    the amount of time involved and the results obtained;
(9)    the experience, reputation, and ability of the attorneys;
(10)   the "undesirability" of the case;
(11)   the nature and length of the professional relationship with the client; and
(12)   awards in similar cases.

Plaintiff contends that all twelve factors fall in favor of an enhancement of the lodestar in this matter by citing to, *inter alia*, the time that counsel put into the case, the fact that the case was unique, that Plaintiff's counsel's experience was significant, that Plaintiff's counsel was precluded from taking on other cases during this litigation, that Plaintiff indeed received a discount, that Plaintiff was ultimately successful on the merits, and that very few other attorneys would have had the expertise to take on such a case. (*Id.* at 9-10).

**b. Defendants' Argument**

As a threshold matter, Defendants do not dispute that this matter is appropriate for the reimbursement of attorney's fees under §1988. Their current appeal notwithstanding, Defendants concede that "Plaintiff is the prevailing party and that the suit meets the catalyst

4

standard." (*Defendants' Brief in Opposition* at 8-9; Docket Entry No. 73).    Moreover, Defendants additionally agree with Plaintiff that the lodestar method is the appropriate method of determining the amount of attorney's fees that should be awarded in a §1988 application for same. (*Id.* at 8).   Defendants acknowledge that reasonable fees are given in such cases, but assert that the fees requested by Plaintiff are excessive and unreasonable. Defendants' opposition is threefold.   Defendants object to the amount of hours expended on the case, the hourly rates which have been applied, and the additional enhancement requested by Plaintiff's counsel.

i.  <u>Hourly Rates</u>

Defendants contend that the hourly rates of counsel are unreasonable, noting that Plaintiff bears the burden of showing that same are reasonable. (*Id.* at 10).   Defendants submit that hourly rates are determined by establishing the "prevailing market rates in the community" and argue that Plaintiff has submitted no evidence tending to show a customary rate and additionally, has not "provided affidavits from other attorneys attesting to their usual and customary rates." (*Id.* at 11-12).   Lastly, Defendants contend that the rates awarded in similar cases in the Trenton vicinage are significantly different than those requested by Plaintiff. (*Id.* at 12-13, referencing *Wong v. American Credit and Collections, LLC*, 2012 U.S. Dist. LEXIS 168446 (D.N.J. Nov. 28, 2012); *Holzhauer v. Hayt, Hayt & Landau, LLC*, 2012 U.S. Dist. LEXIS 112740 (D.N.J. Aug. 10, 2012); *Cassagne v. Law Office of Weltman, Weinburg & Reis Co.*, 2011 U.S. Dist. LEXIS 135207 (D.N.J. Nov. 23, 2011) (each finding that $325/hour was appropriate for a partner with 20+ years of experience and $200-250/hour was appropriate for an associate with 6-8 years' experience)).

ii.  Number of Hours

The greater part of Defendants' opposition lies with the number of hours expended by Plaintiff's counsel in this case.   Defendants note that, although pre-litigation work was done on the matter, the case was filed in January of 2012, "involved no discovery and…resulted in a grant of summary judgment less than six months [later]" in July of 2012. (*Id.* at 5).   Therefore, Defendants submit that over 950 hours expended on this matter is excessive and unreasonable. Defendants delineate several specific billing entries which they argue should be reduced or excluded.

As an initial matter, Defendants remark that Plaintiff's invoices are "block-billed," meaning that several tasks are billed for one block of time. (*Id.* at 14).   Defendants' argue generally that Plaintiff's hours are excessive, noting that defense counsel only spent a total of 244.1 hours on this matter. (*Id.* at 15).   Additionally, defense counsel argues that the "division of labor" between partners, associates and paralegals was unbalanced and that partners were doing the work of associates, and associates the work of paralegals. (*Id.* at 15-16).   Defense counsel therefore suggests that all billed time be allotted 2:1:1 for associates, partners and paralegals. (*Id.*)

In addition, Defendants contend that the amount spent on document preparation was disproportionate to the work actually required.   As to the Complaint, Defendants allege that 23 hours were expended on "general research in the early stages of the case" and that the actual drafting of the pleading took a combined 74.65 hours by Ms. Ghiladi and Mr. Grewal. (*Id.* at 18). Defendants note that the Complaint is 24 pages with 70 paragraphs and submits that the amount of time spent on the document (i.e. over an hour per paragraph) is excessive, especially given

Plaintiff counsel's "expertise in the area of FQHC reimbursement." (*Id.*)   Additionally, Defendants estimate from Plaintiff's invoices that the 40-page preliminary injunction motion involved 257.65 hours of time (of which 232.4 were billed to the client), amounting to $57,612.50 in fees. (*Id.* at 21).   Lastly, Defendants characterize the time spent on both Plaintiff's cross-motion for summary judgment and their reply as unnecessary; noting that a 34-page brief took 132.4 hours and a 15-page reply took 34.5 hours. (*Id.* at 23).

Defendants further contend that several time entries were excessive and inappropriate with regard to travel and time for the preliminary injunction hearing, as well as administrative tasks and other costs.   With respect to the hearing, Defendants maintain that several attorneys did not need to travel from Washington D.C. when local counsel was available. (*Id.* at 24-25). Moreover, Defendants estimate that Plaintiff's counsel spent 21 hours preparing for a hearing which took 1.5 hours. (*Id.*)   Generally, Defendants argue that Ms. Ghiladi and Mr. Waters, both partners, each billed separately for tasks performed together. (*See generally Defendants' Brief in Opposition* at 27-29).   Defendants also argue that certain time entries are irrelevant, have inappropriate descriptions, or are "administrative tasks not normally billed to clients" such as scheduling, reviewing the docket and printing and distributing documents filed with the court. (*Id.* at 30-32).

### iii.   Costs

Defendants acknowledge that "costs are generally recoverable as long as they are necessary and reasonable in order for the attorney to be able to render legal services" but contend that Plaintiff has failed to carry its burden in that respect. (*Id.* at 32).   Defendants submit that

costs associated with transcript fees, meals, PACER fees, FedEx charges, Turbo Legal Support

Services, and West group online research costs should be excluded. (*Id.* at 33-34).

      iv.  <u>Enhancement</u>

Finally, while Defendants recognize that an enhancement of fees may be appropriate in

"exceptional circumstances," Defendants maintain that this case does not exhibit any rare or

exceptional circumstances and therefore, such an enhancement is not merited.

      **c.  Plaintiff's Reply**

Plaintiff responds by stating that it provided adequate support to show that the hourly

rates requested are reasonable.   Plaintiff argues that it extends the same rates to all members of

the "National Association of Community Health Centers ("NACHC"), of which the NJPCA is a

member" and that it "charged higher rates for other clients that are not NACHC members[.]"

(*Plaintiff's Brief in Reply,* at 1-2; Docket Entry No. 77).   Furthermore, Plaintiff contends that the

cases cited by Defendants are inapposite to show that the rates requested are unreasonable.

Plaintiff notes that those cases involved claims under the Fair Debt Collection Practices Act

(FDCPA) and that "the law firm involved was under some scrutiny[.]" (*Id.* at 2).   Additionally,

Plaintiff argues that, in this case, the rates surrounding the community of Washington, D.C.

should be invoked, as their firm is located there and the NJPCA has been a long-standing client.

(*Id.* at 4).   Plaintiff points to the Laffey Matrix, a tool used to assess legal fees in the

Washington-Baltimore area, in support of this argument. (*Id.*)

Plaintiff also rebuts Defendants' argument that its hours are unreasonable. Plaintiff argues

that "[e]ven though…counsel possessed the particular expertise litigating claims involving Title

42 U.S.C. §1396a(bb)…there is nothing 'cookie cutter' about such litigation as each State has it

own particular payment methodology, Medicaid State Plan, State law and regulations and each State raises its own defenses in response to such litigation." (*Id.*)   Plaintiff further argues that the number of hours spent by defense counsel on this matter is "utterly irrelevant[.]" (*Id.* at 5).

As to Defendants' argument that Plaintiff's counsel exhibited an "inappropriate task balance[,]" Plaintiff argues that "FTLF is a small law firm with a boutique health law practice" and that only nine attorneys "regularly work on litigation matters." (*Id.*)   Plaintiff also refutes Defendants' specific objections to several counsel being present and argues that there is some generally accepted duplicity in having both local and *pro hac* counsel present. (*Id.* at 6).

Lastly, with respect to costs claimed for legal research software, Plaintiff notes that "FTLF's engagement agreement with the NJPCA does refer to computerized legal research." (*Id.*)

### III.  ANALYSIS

#### a.  The Civil Rights Attorney's Fees Awards Act

Title 42 U.S.C. §1988(b) provides that the Court, in Its discretion, may award reasonable attorney's fees and expenses to a prevailing party.   A plaintiff is "prevailing" and thereby entitled to a fee award if he or she has succeeded on "any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.ct. 1966, 76 L.Ed.2d 40 (1983) (internal quotation marks and citation omitted). "To be eligible to make a prevailing-party claim under §1988, the plaintiff must, at a minimum…be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223 (3d Cir. 2011) (internal quotation marks and citation omitted).

In the present matter, the parties do not dispute that Plaintiff was ultimately successful on the merits, as the District Court entered summary judgment in Plaintiff's favor.[3]   Therefore, Plaintiff is permitted to recover reasonable attorney's fees under §1988.   However, as noted above, the parties' dispute lies in the reasonableness of the fees requested by Plaintiff.   The Court shall therefore turn to the calculation of fees based on the lodestar fee methodology.

### b.  Calculation of Lodestar Fee

The first step in calculating reasonable attorney's fees under §1988 requires the Court to determine the lodestar fee, defined as the number of hours reasonably expended multiplied by a reasonable hourly rate.  *Hensley,* 461 U.S. at 433.   The party seeking attorney's fees has the burden of producing sufficient evidence of what constitutes a reasonable market rate for the character and complexity of the legal services rendered.  *Blum v. Stenson*, 465 U.S. 886, 896, n.11 (1984).   The burden of establishing the lodestar rests on the fee applicant, who must provide appropriate documentation of the hours spent and the market rate.   If the documentation is inadequate, a court may reduce the award accordingly.  *Hensley*, 461 U.S. at 433.   The opposing party must make specific objections to the requested fee.  *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990).   "Once the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections." *Id.*   However, the district court cannot decrease a fee award based on factors not raised at all by the opposing party.   *Id.*

---

[3] As noted above, however, this determination is currently before the Third Circuit Court of Appeals.

i. <u>Reasonable Rate</u>

In order to determine a reasonable hourly rate, the Court must assess the "skill and experience of the prevailing attorneys and compare their rates to the rates in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blakey*, 2 F.Supp.2d 598, 602 (D.N.J. April 9, 1998) (citing *Rendine v. Pantzer*, 141 N.J. 292, 337 (1995)). "Under normal circumstances, a prevailing party's attorneys should be compensated based on market rates in the vicinage of the litigation. However, if a prevailing party can show that it required the particular expertise of counsel from another vicinage, or that local counsel were unwilling to take on the litigation, then it would be entitled to compensation based on prevailing rates in the community in which its attorneys practice." *Interfaith Cmty. Org. v. Honeywell Int'l Inc.*, 426 F. 3d 694, 699 (3d Cir. 2005).   In the instant matter, the hourly rates sought by Plaintiff's counsel, as well as the rates suggested by Defense counsel are as follows:

| ATTORNEY | TITLE | RATE | SUGGESTED RATE |
|---|---|---|---|
| Julie A. Williamson | Local Counsel | $275 | No objection |
| Kathy Ghiladi | Partner | $350 | $325 |
| Edward Waters | Partner | $350 | $325 |
| Rupinderjit Grewal | Associate | $225 | $150 |

The Court finds that Plaintiff has failed to carry its burden to show a reasonable customary hourly rate.   While Ms. Ghiladi and Ms. Williamson have submitted affidavits attesting to the reasonableness of their proposed hourly rates, indeed, no other affidavit, declaration or certification was provided by any other attorney tending to show a customary rate. *See Blum,* 465 U.S. at 896, n.11 ("the burden is on the fee applicant to produce satisfactory evidence - *in addition to the attorney's own affidavits -* that the requested rates are in line with

those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.") (emphasis added).   Additionally, the Court finds Plaintiff's argument that their rates were reasonable because they are comparable to rates that FTLF charges to other entities in the NACHC and indeed are lower than rates FTLF has charged to non-NACHC members to be irrelevant.   The inquiry is not whether the rates charged were reasonable to a particular client of the firm, but whether the firm charges rates similar to those charged by other firms and other attorneys in the community for the relevant area of litigation. Plaintiff's argument merely demonstrates a customary rate for FTLF, not a customary rate for the legal community in the relevant area.

Therefore, as counsel has not included any affidavits or any other outside evidence corroborating its own affidavit, the Court cannot find that counsel has made a *prima facie* showing of reasonableness. Moreover, the Court finds that Plaintiff has not shown that the rates for Washington, D.C. should be applied in this matter.   Although it appears that a long-standing relationship exists between FTLF and NJPCA, such a business relationship is not enough to show that outside counsel was required and that local counsel had been sought to no avail. Furthermore, Plaintiff first argued that Washington, D.C. rates should be applied in its reply brief filed in support of the pending motion.   The Court finds that said argument should have been raised in Plaintiff's initial moving brief.   Lastly, the Third Circuit has expressly cautioned against relying on the Laffey Matrix, the tool cited by Plaintiff to support its requested hourly rates. *See Interfaith Cmty. Org.,* 426 F.3d at 710, n.14.

When the prevailing party fails to make a *prima facie* showing that the hourly rates requested are reasonable, the Court must exercise its discretion in setting a reasonable hourly

rate. *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1036 (3d Cir. 1996), quoting *Griffiths v. Cigna Corp*., 77 F.3d 462 (3d Cir. 1995) (unpublished).   The Court's discretion in this regard is broad. (*Id.*)   While the Court finds that Plaintiff has failed to sustain its burden, the Court shall nonetheless award the rates as requested by counsel.   The Court, in exercising Its discretion, notes that It is familiar with the rates of counsel in New Jersey and in the Trenton vicinage and finds that the rates requested are not unreasonable. *See Evans v. Port Auth. of NY & NJ*, 273 F.3d 346, 362 (3d Cir. 2001) (recognizing that in determining the reasonableness of a fee request, "the court will inevitably engage in a fair amount of 'judgment calling' based upon its experience with the case and the general experience as to how much a case requires") (citation omitted).   In so finding, the Court notes that Defendants suggest a decrease in the partner hourly rate of only $25 per hour.   The Court finds this this difference is hardly monumental and indeed, does little to suggest that $350 an hour is unreasonable. Likewise, the Court finds that $225 per hour for an associate is reasonable. *See Cassagne,* 2011 U.S. Dist. LEXIS 135207 at *15-17 (finding that an hourly rate of $200 for an associate was reasonable); *Levy v. Global Credit & Collection Corp.,* 2011 U.S. Dist. LEXIS 124226, *25 (D.N.J. Oct. 27, 2011) (finding that an hourly rate of $200-$210 for an associate was reasonable).

### ii.   Number of Hours Reasonably Expended

The Supreme Court has held that counsel is expected to exercise "billing judgment" and that district courts "should exclude from this initial fee calculation hours that were not 'reasonably expended'" including "excessive, redundant, or otherwise unnecessary" work. *Hensley*, 461 U.S. at 434 (internal quotation marks and citations omitted).   Plaintiff's submitted billing indicates that all counsel combined expended 954 hours on this case.   As outlined above,

13

Defendants have argued that these hours be reduced for several reasons.  Defendants' revised calculations and reasoning can be summarized in the following chart:

| BILLING ENTRY | LENGTH | BILLED AMOUNT[4] | SUGGESTED AMOUNT |
|---|---|---|---|
| Complaint | 24 pages | 23 research hours 74.65 drafting hours | 8 research hours 12 drafting hours |
| Motion for Preliminary Injunction | 40 pages | 257.65 hours | 60 hours |
| Cross-Motion for Summary Judgment | 34 pages | 132.4 hours | 35 hours |
| Reply to Summary Judgment | 15 pages | 34.5 hours | 15 hours |
| Preliminary Injunction Hearing | 1.5 hours[5] | 21 preparation hours | 13 preparation hours |
| Travel Expenses | N/A | $12,948.57 in time billed and travel costs | all travel time should be excluded or ½ rate should be billed for one attorney only |
| Response to 2 page letter | 2 pages | 6.75 hours | 3 hours |
| Various two-partner entries | N/A | 10.2 hours on same task | Exclude 10.2 hours |
| Intra-office Conferences | N/A | 48.45 hours | 15 hours |
| 4/10/2012 entry to review and revise motions | N/A | 2 hours | Exclude 2 hours |
| 5/9/2012 entry to draft and revise PI reply | N/A | 12.25 hours | Exclude 12.25 hours |

---

[4]  The Court notes that these approximations are taken from Defendants' Brief.   As noted, an exact hour amount cannot be determined as to each task because of the "block-billing" nature of the entries.
[5]  The Court notes that the minute entry records the total time at 1 hour. (*See* Docket Entry No. 31.)

| BILLING ENTRY | LENGTH | BILLED AMOUNT[4] | SUGGESTED AMOUNT |
|---|---|---|---|
| All "change in scope" entries | N/A | 13.5 hours | Exclude 13.5 hours |
| Administrative Tasks | N/A | 1.5 hours | Exclude 1.5 hours |

The Court shall address Defendants' objections in turn.

### 1. *Time Spent on Documents*

Overall, the Court finds the amount of time that counsel spent drafting and reviewing its pleadings, as well as moving and reply papers to be excessive.   As noted, the Complaint consists of 70 paragraphs outlining the history of FQHC payment provisions, the purpose of the Medicare managed care program and the goal of the Balanced Budget Act.   In short, the Complaint was predominantly a recitation of the history of statues and implementation analysis; only pages 22-24 of the Complaint provide specific causes of action.   As such, having expended 23 hours on research, and lifting excerpts from the legislative history and statutes, the Complaint should have practically written itself and therefore the Court finds that 74 additional hours of drafting is excessive and a reduction is warranted.   The Complaint did not contain any complicated fact pattern or complicated claims. Therefore, the Court shall allow the research hours to remain but shall reduce the drafting hours by half to 37.33 hours. *See Port Drivers Fed'n 18, Inc. v. All Saints,* 2011 U.S. Dist. LEXIS 93700 (D.N.J. Aug. 16, 2011) (finding 60 hours for a 13-page Complaint with 59 paragraphs to be "utterly ridiculous" and reducing to 10 hours).

Likewise, the time spent on the motion for preliminary injunction is extremely disproportionate to the length and substance of the brief accompanying it.   Again, the Court finds that counsel's proficiency in this area of the law works against them with respect to this

15

request.  Counsel states that "there are few attorneys in this country who are well-versed in the highly specialized areas of matters affecting recipients of federal funds, the Medicaid program, community health centers and their role in the Section 330 Public Health Service grant program." (*See Cert. of Kathy S. Ghiladi* at ¶6; Docket Entry No. 57-3).   Indeed, Plaintiff's counsel serves as general counsel to the NACHC and has had a long-standing relationship with the NJPCA. (*Id.*) While counsel's skill and experience in this area is commendable, it does little to justify the amount of hours expended by counsel on this type of motion, which is routinely filed in cases such as this.  Additionally, the Court notes that the first 17 pages of the brief consist of text mirroring that of the Complaint. (*See* Docket Entry No. 12-3).   Therefore, the Court shall reduce the amount of hours spent on this motion by half to 128.83 hours. *See Port Drivers Fed'n 18, Inc.,* 2011 U.S. Dist. LEXIS 93700 at *19 (finding over 200 hours for a 26-page motion for preliminary injunction "unwarranted" and reducing to 50 hours).

Plaintiff's cross-motion for summary judgment purports to have taken over 130 hours to complete.  Again, the Court finds this amount to be excessive in light of counsel's skill in this area of the law.  Moreover, much of the information included in the brief is duplicative of information found in the Complaint and Plaintiff's Motion for a Preliminary Injunction. Therefore, as above, the Court shall halve the amount of time spent on the cross-motion for summary judgment to 66.2 hours.

Last for the Court's consideration is the time expended on Plaintiff's reply memorandum, as well as the 2-page response letter drafted by counsel. The Court finds that these time entries are not excessive.   Therefore, the Court shall not reduce the number of hours expended on either the brief or the response letter.

In sum, the amount of hours spent drafting papers and briefs shall be reduced as follows:

| Attorney | Kathy S. Ghiladi | | Rupinderjit S. Grewal | | Julie A. Williamson | | Laura Hoffman | |
|---|---|---|---|---|---|---|---|---|
| Billing Entry | hrs req | hrs allow | hrs req | hrs allow | hrs req | hrs allow | hrs req | hrs allow |
| Complaint | 29.90 | 14.95 | 44.75 | 22.38 | -- | -- | -- | -- |
| PI Motion | 58.90 | 29.45 | 156.00 | 78.00 | 1.5 | 0.75 | 16.5 | 8.25 |
| SJ Motion | 42.00 | 21.00 | 90.40 | 45.2 | -- | -- | -- | -- |

## 2. *Time Spent Preparing for Hearings and on Travel*

"Under normal circumstances, a party that hires counsel from outside the forum of the litigation may not be compensated for travel time, travel costs, or the costs of local counsel." *Interfaith Cmty. Org.,* 426 F.3d at 710. "[I]n order to determine the rate at which attorneys may be compensated for their travel time, a court must look to the practice in the local community." (*Id.* at 711) (internal quotation marks and citation omitted). Thus, the Court looks at the prevailing rates at which travel time is compensated in the forum state, which in this matter is New Jersey. Case law from the District of New Jersey establishes that the prevailing rate for travel time in New Jersey is fifty percent of the attorney's reasonable market rate. *See Port Drivers Fed'n 18, Inc.,* 2011 U.S. Dist. LEXIS 93700 at *31; *Glass v. Snellbaker*, 2008 U.S. Dist. LEXIS 73012 at *20 (D.N.J. Sep 23, 2008); *Erhart,* 2006 U.S. Dist. LEXIS 57709, *23; *Posa v. City of East Orange,* No. Civ. 03-233 (FSH), 2005 WL 2205786, *5-6 (D.N.J. Sep 08, 2005).

As to Plaintiff's preliminary injunction hearing, the Court finds that 21 hours of preparation is not unreasonable. Even though the hearing lasted little over an hour, the Court finds that this is but one factor to be considered. The Court notes that hearings of this nature can last several hours. Indeed, Plaintiff's counsel was instructed to return on another date and

17

resume the hearing.  (*See* Docket Entry No. 36).   Moreover, the Court appreciates that counsel cannot always anticipate the Court's concerns and, as such, needs to be thoroughly prepared and well versed on all relevant issues of fact and law.   Therefore, the Court shall not reduce these hours, especially in light of the fact that the amount of time spent on the motion itself has already been reduced as described above.

In regard to the travel time and costs billed for outside counsel to attend the hearing, the Court finds that, other than the fact that the NJPCA is a long-standing client of FTLF, no other evidence has been shown or asserted that local counsel was unwilling to take on the case.   The NJPCA voluntarily chose FTLF to represent it and thus, is not entitled to recoup attorney's fees associated with travel time.   Therefore, adopting Defendants' estimate of travel time[6], which Plaintiff has not expressed any objection to, Ms. Ghiladi's hours are reduced by 21 and Mr. Grewal's hours are reduced by 14.

### 3.  *Time Spent by Partners and Intra-Office Conferences*

Defendants argue that it is unnecessary and duplicative for two partners to bill for time spent working on the case together. "Clearly the court must exclude 'duplicative billing for tasks which could not reasonably have required the identical expenditure of time by two partners'." *Jefferson v. City of Camden*, 2006 U.S. Dist. LEXIS 46654 at *30 (June 30, 2006), citing *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 362 (3d Cir. 2001).

The Court finds that several tasks were performed together by both Mr. Waters and Ms. Ghiladi.  It appearing that Ms. Ghiladi was lead counsel in this case, the Court shall exclude

---

[6] Defendants estimate that the trip from Washington, D.C. to Trenton, N.J. takes 3.5 hours each way.   Therefore, given that a total of 5 trips were made by both counsel, this results in total travel billings of 35 hours. (*See* Docket Entry No. 73 at 26.)

several of Mr. Waters' entries which It deems were unnecessarily duplicative.   The entries which

have been excluded are summarized in the following chart:

| DATE | PARTNER | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| 9/28/2011 | ETW | Review correspondence with State; listen to conference call with State regarding wraparound; confer with K. Davis; participate in Board Meeting | 4.00 | $1,400 |
| 10/4/2011 | ETW | Litigation preparation; e-mails to staff | 0.25 | $87.50 |
| 10/5/2011 | ETW | Review files; conference with KSG and RG regarding preparation of court | 1.25 | $437.50 |
| 10/17/2011 | ETW | Conference call with Ms. Davis; KSG; review letter from State; confer with KSG regarding same | 1.00 | $350.00 |
| 10/18/2011 | ETW | Confer with K. Davis regarding latest letter from State; edit response to same | 2.50 | $875.00 |
| 10/26/2011 | ETW | Confer with local counsel regarding facts; background | 0.50 | $175.00 |
| 11/9/2011 | ETW | Confer with KSG regarding status | 0.25 | $87.50 |
| 11/28/2011 | ETW | Begin review of complaint | 0.50 | $175.00 |
| 11/29/2011 | ETW | Review draft Complaint | 1.00 | $350.00 |
| 11/30/2011 | ETW | Confer with Kathy Grant Davis; confer with RG and KSG regarding status | 0.75 | $262.50 |
| 12/8/2011 | ETW | Review documents from Health Centers; conference call with Ms. Davis | 0.75 | $262.50 |
| 12/9/2011 | ETW | Review documents; e-mails regarding same | 0.75 | $262.50 |
| 12/12/2011 | ETW | Confer with KSG regarding litigation issues; background; facts | 0.25 | $87.50 |

| DATE | PARTNER | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| 12/13/2011 | ETW | Confer with KSG; RG regarding strategy for lawsuit; review documents; facts; confer with Ms. Davis regarding above | 3.50 | $1,225.00 |
| 12/15/2011 | ETW | Review letter from State; e-mails from health centers; draft e-mails for K. Davis | 2.00 | $700.00 |
| 12/19/2011 | ETW | Confer with KSG; RG; and Gil Bernhard all regarding factual development | 2.00 | $700.00 |
| 12/20/2011 | ETW | Confer with Ms. Davis; KSG regarding meeting with State; status | 0.75 | $262.50 |
| 12/21/2011 | ETW | Draft talking points; confer with Kathy Grant Davis regarding meeting with State | 1.00 | $350.00 |
| 12/22/2011 | ETW | Confer with Ms. Grant Davis regarding meeting with State; confer with KSG regarding same; review notes | 1.50 | $525.00 |
| 12/23/2011 | ETW | Strategy meeting with KSG and RG regarding lawsuit | 2.50 | $875.00 |
| 12/28/2011 | ETW | Review due process cases; confer with R. Grewal regarding same | 1.00 | $350.00 |
| 1/9/2012 | ETW | Begin review of complaint | 0.75 | $262.50 |
| 1/10/2012 | ETW | Review complaint; edit same | 1.50 | $525.00 |
| 1/23/2012 | ETW | Confer with R. Grewal regarding complaint | 0.25 | $87.50 |
| 1/24/2012 | ETW | Review/respond to e-mails; confer with R. Grewal regarding status; next steps | 0.25 | $87.50 |
| 1/26/2012 | ETW | Review/respond to e-mails regarding site visit (Rudine Smith); confer with R. Grewal regarding same | 0.75 | $262.50 |
| 2/8/2012 | ETW | Update from KSG | 0.35 | $122.50 |

| DATE | PARTNER | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| 4/5/2012 | ETW | E-mails regarding status | 0.15 | $52.50 |
| 4/13/2012 | ETW | Confer with KSG/RG regarding status | 0.25 | $87.50 |
| **TOTAL** | | | **32.25** | **$11,287.50** |

Defendants also maintain that the time allocated to intra-office correspondence and conferences should be lessened.  The Court finds the amount of intra-office time is acceptable and shall not adjust the lodestar.

4. *Remaining Objections*

As to Defendants' remaining objections, Plaintiffs have only disputed one in its reply brief.  This is the April 10, 2012 entry to revise motions, which Defendants claimed applied to the preliminary injunction motion.  Plaintiff's counsel, however, has clarified that this entry pertained to pending *pro hac vice* motions before the Court.  Therefore, the Court shall not exclude this entry.

Nevertheless, with respect to the other objections (i.e. the 5/9/2012 entry, the "change in scope" entries, and the administrative tasks), the Court finds that Defendants have made a *prima facie* challenge to these entries, and Plaintiff has made no attempt to respond to or explain same. As such, Plaintiff has not sustained its burden to show the reasonableness of the fees requested and those remaining entries shall be excluded.

iii.  Costs

In response to costs, Plaintiff merely asserts that "FTLF's engagement agreement with the NJPCA does refer to computerized legal research." (*Plaintiff's Brief in Reply,* at 6).  While this evidence is minimal, the Court shall permit these costs to remain.  However, Plaintiff says

21

nothing else to explain or rebut Defendants' disputes regarding the other costs.   Therefore, all costs associated with travel, transcript fees, meals, PACER fees, and FedEx charges are hereby excluded.   A chart detailing those excluded costs follows:

| DATE | ATTORNEY | DESCRIPTION | AMOUNT |
|---|---|---|---|
| 10/3/2011 | FTLF | Capital Reporting Company – Copy of Transcript re: Medicaid Conference Call | $417.80 |
| 5/16/2012 | FTLF | Khatereh S. Ghiladi – Travel Expenses re: Trip to Trenton, NJ (Train for KSG and RG ($600.00), Hotel ($196.22), Parking ($35.00), Food (14.75)) | $845.97 |
| 5/17/2012 | FTLF | Rupi Grewal – Travel Expenses re: Trip to Trenton, NJ (Hotel ($186.58), Cab Fare ($27.50)) | $214.08 |
| 5/22/2012 | FTLF | Parking at Union Station for RSG | $7.00 |
| 5/22/2012 | FTLF | Khatereh S. Ghiladi – Travel Expenses re: trip to Trenton, NJ (Train Fee ($20.00), Food ($6.83), Taxis ($30.00)) | $56.83 |
| 5/22/2012 | FTLF | FROSCH Travel, Inc. – Amtrak Service to/from Trenton, NJ for KSG | $209.00 |
| 5/23/2012 | FTLF | JoAnne Caruso – Transcript of Court Proceedings on May 17, 2012 | $261.60 |
| 5/31/2012 | FTLF | Khatereh S. Ghiladi – Travel Expenses re: Trip to Trenton (Hotel ($183.97), Food ($3.84), Train Fee ($34.00), Taxi ($20.00)) | $241.81 |
| 5/31/2012 | FTLF | FROSCH Travel, Inc. – Amtrak Service to/from Trenton, NJ for KSG | $237.00 |
| 5/31/2012 | FTLF | Rupinderjit Grewal – Travel Expenses re: Trip to Trenton, NJ (Hotel ($183.45), Add'l Train Fare | $235.88 |

| DATE | ATTORNEY | DESCRIPTION | AMOUNT |
|---|---|---|---|
| | | ($30.00), Cabs ($22.43)) | |
| 5/31/2012 | FTLF | FROSCH Travel, Inc. – Additional Charge re: Ticket change for Amtrak Service to/from Trenton, NJ for KSG | $164.00 |
| 5/31/2012 | FTLF | FROSCH Travel, Inc. – Amtrak Service to/from Trenton, NJ for RG | $237.00 |
| 6/30/2012 | FTLF | Pacer Service Center – Online Research re: Court Electronic Records (4/1/12 – 6/30/12) | $137.70 |
| N/A | Williamson | Federal Express | $158.56 |
| N/A | Williamson | Pacer Court Filing System | $27.80 |
| N/A | Williamson | Turbo Legal Support Service | $239.87 |
| TOTAL | | | $3,691.90 |

Therefore, with total costs originally at $12,538.71 and having been reduced by $3,691.90, total allowed costs shall be **$8,846.81.**

### iv.  Fee Enhancement

Lastly, the Court finds that, in light of the several reductions and exclusions enumerated above, Plaintiff's counsel is not entitled to an enhancement of fees.

### c.  Final Lodestar Fee

In sum, the Court having determined the appropriate hourly rate and the appropriate number of hours to be billed, the lodestar shall be as follows:

| LEGAL PROFESSIONAL | HOURS REQUESTED | HOURS EXCLUDED | FINAL HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|---|
| Kathy S. Ghiladi | 388.20 | 106.90 | 281.30 | $350.00 | $98,455.00 |

23

| LEGAL PROFESSIONAL | HOURS REQUESTED | HOURS EXCLUDED | FINAL HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|---|
| Edward T. Waters | 38.00 | 32.25 | 5.75 | $350.00 | $2,012.50 |
| Rupinderjit S. Grewal | 428.50 | 165.83 | 262.67 | $225.00 | $59,100.75 |
| Laura Hoffman | 16.50 | 8.25 | 8.25 | $175.00 | $1,443.75 |
| Julie A. Williamson | 21.70 | 0.75 | 20.95 | $275.00 | $5,761.25 |
| Taneisha Phillips | 1.00 | 0.50 | 0.50 | $90.00 | $45.00 |
| **TOTAL** | | | | | **$166,818.25** |

When added to the costs identified above, the final sum to be awarded in attorney's fees

and expenses is **$175,665.06.**

## III.  CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's Motion is GRANTED IN PART.   An appropriate

Order follows.

Dated: June 28, 2013

**s/Tonianne J. Bongiovanni**
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**
