**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

NEW JERSEY PRIMARY CARE
ASSOCIATION, INC.,

        Plaintiff,

    v.

STATE OF NEW JERSEY
DEPARTMENT OF
HUMAN SERVICES, et al.,

        Defendants.

Civil Action No. 12-413 (MAS) (TJB)

**MEMORANDUM OPINION**

---

**SHIPP, District Judge**

    This matter comes before the Court on Defendants State of New Jersey Department of Human Services ("DHS"), Commissioner of DHS Jennifer Velez, DHS Division of Medical Assistance and Health Services ("DMAHS"), and Director of DMAHS Valerie Harr's (collectively, "Defendants") Motion for Relief from Judgment (ECF No. 84) and upon the Report and Recommendation ("R&R") of the Honorable Tonianne J. Bongiovanni, U.S.M.J., which recommended that Defendants' motion be granted in part and denied in part (R&R, ECF No. 107). Having received objections to the R&R from the parties (ECF Nos. 108, 109), the Court has conducted a *de novo* review of the issues raised. L. Civ. R. 72.1(c)(2); *N.L.R.B. v. Frazier*, 966 F.2d 812, 816 (3d Cir. 1992). The Court has carefully considered the parties' submissions and resolves the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons discussed below, the Court adopts in part and rejects in part the R&R. Accordingly, Defendants' motion is **DENIED**.

I. **BACKGROUND**[1]

The underlying dispute in this matter concerns the methodology utilized by Defendants to calculate quarterly supplemental ("wraparound") payments to Plaintiff New Jersey Primary Care Association, Inc.'s ("Plaintiff") federally-qualified health centers ("FQHCs"). In 2011, Defendants changed their methodology for calculating wraparound payments. (3d Cir. Op. at 2, ECF No. 85-2.)[2] Under the new methodology, Defendants' wraparound payments became contingent upon prior payments by a managed care organization ("MCO"). (*Id.* at 2-3.) Plaintiff filed suit, alleging that Defendants' new reimbursement methodology violated the federal Medicaid statute, state Medicaid regulations, and the FQHCs' rights. (*Id.* at 12.)

Shortly thereafter, Plaintiff moved for a preliminary injunction requiring the emergency recompense of wraparound payments based on Defendants' prior methodology. (ECF No. 12.) Defendants opposed the motion and moved for summary judgment. (ECF Nos. 18, 19.) Plaintiff cross-moved for summary judgment. (ECF No. 22). On July 5, 2012, the Court granted Plaintiff's motions, and enjoined Defendants from withholding payments from Plaintiff's FQHCs. (Dist. Ct. Op. at 1, ECF No. 39.)[3] Defendants appealed. (ECF No. 46.) During the pendency of Defendants' appeal, the Court awarded Plaintiff attorneys' fees and costs in the amount of $175,655.06. (ECF Nos. 78, 79.) In the Opinion, the Court noted that the matter was on appeal and stated that both

---

[1] The factual background is set forth in detail in the District Court and Third Circuit's previous Opinions and, thus, the Court will recite only the facts pertinent to the pending motion.

[2] For ease of reference, the Court cites to the Third Circuit's Opinion located on the docket at ECF No. 85-2. The case is reported at *N.J. Primary Care Ass'n v. N.J. Dep't of Human Servs.*, 722 F.3d 527 (3d Cir. 2013).

[3] The Court's Opinion is located on the docket at ECF No. 39. The citation for the unreported case is *N.J. Primary Care Ass'n v. N.J. Dep't of Human Servs.*, 2012 WL 2594353 (D.N.J. July 5, 2012).

parties nevertheless considered Plaintiff the "prevailing party" for purposes of attorneys' fees reimbursement under 42 U.S.C. § 1988. (Fee Op. 2, 4-5, ECF No. 78.)

The Third Circuit ultimately affirmed the Court's decision in part, reasoning that the "requirement of prior MCO payment before processing a wraparound reimbursement, absent an effective process by which FQHCs may challenge improperly denied claims within the statutorily mandated time period, violates the federal Medicaid statute's requirement that FQHCs receive full and timely wraparound payments." (3d Cir. Op. at 15.) The Third Circuit reversed the Court's decision with respect to the remaining claims upon which the Court granted summary judgment to Plaintiff. (*Id.* at 30.)

Defendants subsequently sought relief pursuant to Federal Rule of Civil Procedure 60(b) from the Court's June 28, 2013 Order that granted in part Plaintiff's Motion for Attorneys' Fees and Expenses.[4] (ECF No. 84.) Defendants argued that, in light of the Third Circuit's reversal, Plaintiff could no longer be considered the prevailing party and thus was not entitled to attorneys' fees; therefore, Defendants requested the Court to vacate the Order in its entirety. (Defs.' Br. 6, ECF No. 84-1.) Defendants alternatively requested the Court to reduce the fee award "to no more than 10% of the amount originally awarded, or $17,566.50," to account for Plaintiff's limited success. (*Id.*) Plaintiff opposed the motion, arguing that although the Third Circuit reversed with respect to several claims, it remained the prevailing party because it achieved its ultimate goal— namely, Defendants could not impose its new wraparound payment methodology. (Pl.'s Opp'n Br. 11-12, ECF No. 91.) Plaintiff also argued that its claims were related and, consequently, Defendants have no basis for relief from the attorneys' fee award. (*Id.* at 14-15.)

---

[4] Defendants also sought a stay of judgment pending relief. (ECF No. 83.)

The Court referred the matter to Magistrate Judge Bongiovanni, who recommended that the Court find Plaintiff the prevailing party and reduce Plaintiff's fee award. (R&R 8.) Both parties objected to Judge Bongiovanni's R&R. Defendants object to the recommendation that the Court find Plaintiff the prevailing party. (Defs.' R&R Opp'n Br. 1-3, ECF No. 108.) Plaintiff objects to the recommended thirty percent reduction to Plaintiff's original fee award, arguing that the R&R fails to adequately explain the basis for and the method of calculating the reduction. (Pl.'s R&R Opp'n Br. 1-3, ECF No. 109.)

## II. DISCUSSION

The Court awarded Plaintiff $175,655.06 in attorneys' fees and costs pursuant to 42 U.S.C. § 1988. Under Section 1988, the Court has the discretion to grant a "reasonable attorney[s'] fee" to a "prevailing party." A prevailing party is "one in whose favor a judgment is rendered, regardless of whether the party has recovered its entire claim or a portion thereof." *Garonzik v. Whitman Diner*, 910 F. Supp. 167, 168 (D.N.J. 1995) (citing *Fahey v. Carty*, 102 F.R.D. 751 (D.N.J. 1983)). In other words, a prevailing party is one who succeeds "on any significant issue in litigation [that] achieves some of the benefit the parties sought in bringing [the] suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992) (holding that plaintiffs are prevailing parties when the outcome of the litigation "materially alters the legal relationship between the parties"). Accordingly, the Court agrees with the reasoning of the R&R insofar as it found Plaintiff the prevailing party for purposes of Section 1988 and thus entitled to an award of attorneys' fees and costs. As such, the Court adopts the R&R with respect to this issue.

The Court, however, declines to adopt the recommended thirty percent reduction in the amount of attorneys' fees and costs. Here, Defendants requested a reduction to Plaintiff's fee

4

award to reflect Plaintiff's alleged lack of success in the prosecution of its claims. (*See generally* Defs.' Moving Br., ECF No. 84-1.) To support their contention, Defendants categorized Plaintiff's claims into two groups: data collection claims and prior payment claims. (*Id.* at 11-18.) Defendants argued that full compensation would be improper because Plaintiff was unsuccessful on its data collection claims and only achieved limited success on its prior payment claims. (*Id.* at 15-18.) To that end, Defendants proposed a fifty percent reduction to account for Plaintiff's successful claim and further argued that the remaining fifty percent be reduced by at least eighty percent to reflect the Third Circuit's affirmance of only one of Plaintiff's five prior payment arguments. (*Id.* at 14- 15.) The Court does not find Defendants' arguments persuasive.

In determining an attorneys' fee award, the Court does not tally how many claims were successful or unsuccessful; rather, the Court looks at related versus unrelated claims. *Lenard v. Argento*, 808 F.2d 1242, 1245 (7th Cir. 1987) (citing *Hensley*, 461 U.S. at 436 n.11). "[W]here a plaintiff presents 'distinctly different claims for relief that are based on different facts and legal theories . . . work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved.'" *Eichenlaub v. Twp. of Ind.*, 214 F. App'x 218, 222 (3d Cir. 2007) (quoting *Hensley*, 461 U.S. at 434-35). But, when a plaintiff's claims and fee awards are interrelated, "[the Third Circuit's] approach . . . has been [to determine] whether the claims were based on related legal theories arising from a common core of facts." *Id.* at 223. As the Third Circuit found, "[a]t the heart of the instant dispute is [Plaintiff's] attempt to invalidate [Defendants'] policy shift requiring prior MCO payment before processing wraparound reimbursements." (3d Cir. Op. at 15.) To that end, Plaintiff's data collection claim was an objection "not to the collection of the MCO payment data, as such, but only insofar as the collection of that data is really just indicia of a new policy limiting supplemental payment to only

those encounters that received prior MCO payment." (*Id.* at 14.) Thus, Plaintiff's claims stem from the same operative facts and are intertwined.

Significantly, when engaged in litigation regarding "related claims," "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims." *Hensley*, 461 U.S. at 435. Instead, the Court must "focus on the significance of the overall relief obtained." *Id.* "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *Id.* The Court, therefore, declines to adopt the R&R's determination that a reduction is warranted in light of the Third Circuit's comments with respect to the validity of Plaintiff's data collection claims and Plaintiff's abandonment of such claims. (*See* R&R 7.) While Plaintiff did not succeed on all of its claims, it did prevail on the crucial issue in the matter – preserving its timely wraparound payments. To that end, because Plaintiff's claims are inextricably tied together, the Court finds it inappropriate to reduce the fee award. *See Mancini v. Northampton Cty.*, 836 F.3d 308, 321 (3d Cir. 2016) (upholding court's finding that a "reduction [to plaintiff's fee award] would be inappropriate because her claims [were] interconnected"). Accordingly, Defendants' Motion for Relief from Judgment is denied, and Defendants are ordered to pay the full amount of attorneys' fees previously awarded -- $175,655.06.

## III. CONCLUSION

For the reasons set forth above, and other good cause shown, Defendants' motion is **DENIED**. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: February 10, 2017