# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

NEW JERSEY PRIMARY CARE
ASSOCIATION, INC.,

    Plaintiff,

v.

STATE OF NEW JERSEY
DEPARTMENT OF HUMAN
SERVICES, et al.,

    Defendants.

Civil Action No. 12-413 (MAS) (TJB)

**MEMORANDUM ORDER**

Pending before the Court are two motions: (i) Plaintiff New Jersey Primary Care Association, Inc.'s ("Plaintiff") motion to (a) require Defendants State of New Jersey Department of Human Services, Jennifer Velez, in her official capacity as Commissioner of the New Jersey Department of Human Services, New Jersey Department of Human Services Division of Medical Assistance and Health Services ("DMAHS"), and Valerie Harr, in her official capacity as Director of the DMAHS (collectively, the "State"), to show cause why they should not be held in contempt for failure to comply with the Court's September 27, 2013 Order ("Order") and/or (b) for summary disposition (ECF No. 165); and (ii) the State's cross-motion for summary judgment (ECF No. 168), which was included in its opposition. Plaintiff opposed the State's cross-motion and replied to the State's opposition to its motion. (ECF No. 171.) The State replied to Plaintiff's opposition. (ECF No. 172.) On November 20, 2017, the Court heard oral argument. During oral argument, Plaintiff's counsel raised certain issues that were not fully addressed in connection with the parties' motions. The Court has carefully considered the parties' submissions and their oral arguments.

Based on the Court's inherent power to control the matters on its docket, in the interests of justice, and for other good cause shown,

IT IS on this 19th day of December 2017, **ORDERED** that:

1. Plaintiff's motion (ECF No. 165) and the State's cross-motion (ECF No. 168) are administratively terminated, pending completion of further briefing as set forth below.

2. The parties shall submit briefing on the following issues:

   a. The proper determination of the triggering event(s) that start the four-month time period for supplemental payments to federally-qualified health centers ("FQHC") pursuant to 42 U.S.C. § 1396a(bb)(5)(B).

   b. The impact of credentialing by a managed care organization ("MCO") on the State's obligation to provide supplemental payment.

   c. The parameters for holding the State in contempt for non-compliance with the Order.

   d. Specific examples, supported by competent evidence, establishing instances of Medicaid-eligible claims FQHCs submitted to MCOs for reimbursement that were denied by MCOs, were timely appealed by the FQHCs, and were not resolved by the internal appeals process within the statutorily mandated period.

3. To the extent a party takes issue with its opponent's expert report, especially given the parties' reliance on such reports in their respective Statements of Undisputed Material Facts, the party must file a formal motion to strike or to exclude the report,

2

in compliance with applicable rules, or the Court will consider the report(s) as part of the record.

4. Letter briefs of no more than ten pages shall be submitted in lieu of formal memoranda of law. The briefing schedule is as follows:

   a. The parties shall submit simultaneous initial briefs by January 12, 2018.

   b. The parties shall submit simultaneous response briefs by February 2, 2018.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE